```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
STEPHEN GREEN,                                                    :    ORDER
                                                                  :
                              Plaintiff,                          :    15-cv-5344 (BMC)
                                                                  :
              - against -                                         :
                                                                  :
 PINNACLE CREDIT SERVICES, L.L.C.,                                :
                                                                  :
                                                                  :
                              Defendant.                          :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted for the following reasons:

1. The record is undisputed that, in fact, Pinnacle did mark plaintiff's debt as disputed as a result of plaintiff's calls. Plaintiff characterizes his own claim as "not that Pinnacle acted deceptively by telling Plaintiff that his account was being serviced by Diversified. Rather … Pinnacle should have responded to Plaintiff's telephone call by noting the dispute." But since it did note the dispute, I cannot see what plaintiff is complaining about.

2. If plaintiff is arguing that Pinnacle should have *told* plaintiff that it was marking his debt as disputed, rather than referring him to Diversified but nonetheless marking his debt as disputed – which, again, based on the above quoted language, does not seem to be what plaintiff is arguing – I don't see why it had to do that. Pinnacle, as the passive debt owner, wasn't collecting the debt; Diversified was collecting the debt.

3. Moreover, because the Pinnacle representative offered to transfer the call to Diversified, the situation is no different than it would have been if Pinnacle had been collecting the debt in-house, and the Pinnacle operator had offered to transfer the call to its dispute department. As plaintiff argues, it didn't matter to him how Pinnacle ran its business. Whether Pinnacle transferred the call to an in-house dispute department or an outside collection firm with which it had contracted, the result from plaintiff's perspective would have been the same. There is certainly nothing in the statute requiring a debt collector to have the first telephone operator that fields a debtor's call mark the debt as disputed; the debt collector is obviously free to have its operator transfer the call to the appropriate person charged with that task.

4. I reject plaintiff's argument that when he chose to call Pinnacle for the first time, Pinnacle had to tell plaintiff it was a debt collector. Plaintiff's premise for the argument is that once Pinnacle reported plaintiff's debt to the credit bureaus, it should have been foreseeable to Pinnacle that plaintiff would call. That is wrong. First, it would only have been foreseeable to Pinnacle that plaintiff would call if it had reason to know that plaintiff would dispute his debt, and plaintiff has offered no reason why Pinnacle would know that. Second, the statute only applies when a debt collector takes some action to collect a debt, and Pinnacle took no such action. Third, it would be absurd to require a debt collector to tell a debtor who is calling to dispute a debt that it is a debt collector. The "least sophisticated consumer" standard does not presume that debtors are intellectually deficient.

5. The cases plaintiff cites for his argument are wholly inapposite. Although they refer to communications between the debtor and the debt collector, their facts show that these were only collector-initiated contacts. Plaintiff has not even attempted to distinguish the four cases

2

that Pinnacle has cited – and there are many more – which squarely hold that the disclosure requirements of the FDCPA do not apply to debtor-initiated calls.

6. Finally, plaintiff's complaint alleges defendant violated 15 U.S.C. § 1692f.  Plaintiff did not provide any argument in support of this claim in his summary judgment papers or opposition brief; therefore, it is deemed abandoned.

The Clerk is directed to enter judgment in favor of defendant and against plaintiff, dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       January 20, 2016